JANVIER, Judge.
Plaintiff, Florian M. Shall, desiring the installation of a septic tank to be connected with the old plumbing system already in his residence, on March 31, 1954, entered into a written contract with defendant, Oscar Sanders, who as contractor, agreed to furnish all necessary labor and material for a total contract price of $490. It was agreed that the work would be completed within ten days after the signing of the contract; that the tank “with all necessary drain lines and fitting” would “hook into the old plumbing that is already in use.” The contract provided that Shall would pay $190 for material and would pay an additional $150 four working days later and the balance on completion of the job.
Shall paid $190 which was required by the contract “for material” and Sanders, with one laborer, commenced the digging of the necessary hole. There is a dispute as to how much work was performed, but it is certain that no work was done after the first day. On that day defendant contends that the laborer worked for eight hours, that he himself helped the laborer to some extent and that one of his sons “laid out” the hole. Nothing more was done until several weeks later when defendant appeared with a plumber since, according to him, it was necessary that certain corrections be made in the old plumbing system before the septic tank could be installed.
Shall says that the plumber came not for the purpose of correcting defects in the old plumbing system, but because he himself wanted to make a change in the bathtub and “to change a couple of faucets,” and that the failure of Sanders to do the work was in no way due to the fact that corrections were required in the old plumbing system. He says that at that time he had lost confidence in Sanders and that he “was in the process of having the work done by somebody else.”
Shall then brought this suit against Sanders, praying for reimbursement of the $190 which he had paid on account of the contract.
Sanders admitted the execution of the contract and that he had received $190 as alleged and that not more than eight hours work had been done in the digging of the hole but he averred that he had not been able to complete the work because of legal regulations which prevented his connecting up the septic tank with the old plumbing system and he averred that he was ready, able and willing to complete the work had plaintiff permitted him to do so.
There was judgment in favor of the plaintiff for $165 and defendant appealed suspensively. Plaintiff has not answered the appeal.
Only a question of fact is involved. Plaintiff says that defendant, without cause, failed to complete the contract, whereas defendant says that he could have completed it had plaintiff done the necessary plumbing work.
The record convinces us that defendant, either because he “had to go to the hospital” or for some other reason of his own, did not complete the work and that plaintiff was justified in having the work completed by some one else.
Defendant maintains that even if plaintiff found it necessary to complete the work, nevertheless he, defendant, should be paid the amount stipulated in the contract less such sum as might be necessary *756 for the completion of the work and that he should be permitted to retain the entire amount ($190), already paid to him.
It is well settled that where there is a contract to do work and such a contract is substantially completed the contractor is entitled to the contract price less such amount as may be required to complete the work, or to remedy such defects as may exist. The authorities on this point are abundant. See West’s La.Dig., Contractor, Vol. 5, ^320, and particularly Pocket Part, page 35.
Here, however, it is very clear that there was no substantial compliance with the contract. It is conceded that not more than one day’s work was done. When we notice that the contract price was $490, it immediately becomes evident that the cost of that one day’s work was so small that it cannot be said that the contract was substantially complied with.
While it is not made clear that in having the work completed Shall made use of the hole which Sanders had had dug, it is a fair inference from the evidence that the said hole was used and that to that extent Shall benefited by the work which was done by Sanders. The Judge of the First City Court seems to have so concluded since it is apparent that he allowed Sanders $25 as the value of the work for' which he had paid and which enured to the benefit of Shall.
In making this allowance to Sanders, the Judge of the First City Court was, we think, correct.
In Katz v. Karnofsky, Orleans No. 9614, we considered a somewhat similar situation. There a contractor sued for a balance alleged to be due on a contract for the performance of certain work in which the contractor was to furnish all labor and material. We held that there had not been a substantial compliance with the contract and that the owner “is not required, under such conditions, to cause the work to be done and to deduct the cost of completion from the contract price.” We also held that, since the contractor had sued on the contract and not in quantum meruit, he could not be heard to claim in that suit such amount as might be due him for the work which he had done. Nevertheless, we reserved to him the right to bring suit “in quantum meruit” and to claim the value of such of the work as had been done and had enured to the benefit of the owner.
Similarly, in A. B. C. Oil Burner & Heating Co., Inc., v. Palmer, La.App., 28 So.2d 462, a contractor failed to carry out his contract for the installation of a heating system. Nevertheless, the owner used part of the equipment which had been furnished by the contractor. We allowed the contractor credit for the value of such equipment as had been used by the owner.
Plere, as we have shown, it is not the contractor who is suing for the balance claimed to be due on the contract, but it is the owner who is suing the contractor for the return of the amount paid to the contractor on account of the contract price. Surely as a partial defense the contractor may rely on the fact that he did do a part of the work and that the owner made use of that part of the work which had been done. Otherwise the owner would be permitted to enrich himself unjustly at the expense of the contractor.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.